# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| CORNELL POE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 1:18-cv-1104-JDT-cgc |
| | ) |
| JERRY GIST, ET AL., | ) |
| | ) |
| Defendants. | ) |

## ORDER DISMISSING COMPLAINT,
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
## AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On June 18, 2018, Plaintiff Cornell Poe filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) At the time, Plaintiff was incarcerated at the Trousdale Turner Correctional Center in Hartsville, Tennessee. On June 19, 2018, the Court ordered Poe to comply with 28 U.S.C. § 1915(a) or pay the full $400 civil filing fee. (ECF No. 3.) Poe moved for leave to proceed *in forma pauperis*. (ECF No. 4.) The Court, however, denied that motion because Poe's trust account statement showed he had sufficient funds to pay the full filing fee. (ECF No. 5 at PageID 50.) Poe eventually tendered the full $400 filing fee. (ECF No. 8.)

On September 18, 2018, Poe notified the Court that he has been released on parole and provided his new address. (ECF No. 9.) Poe also submitted an amended complaint, which supersedes the original. (ECF No. 10.) The Clerk shall record the Defendants as

Jerry Gist, Mayor of Jackson, Tennessee; Jimmy Harris, Mayor of Madison County; John Mehr,[1] Sheriff of Madison County; Julian Wiser, Police Chief of Jackson; Ashley McCullar, an Investigator with the Jackson Police Department (JPD); JPD Officer Kevin Livingston;[2] JPD Lieutenant J. Harris; JPD Officer First Name Unknown Cozart; Ben King, Assistant Public Defender; and Rosalind N. Lyons.

Poe asserts claims of malicious prosecution, false arrest, and violations of his right to due process related to an investigation and Poe's eventual arrest in November 2017. (ECF No. 10-1 at PageID 62.) Poe alleges that on November 13, 2017, Defendant Lyons contacted the Jackson Police Department regarding a "suspicious situation." (*Id.*) Lyons allegedly told Officer Livingston that she had purchased two money orders at a post office on October 31, 2017, and mailed them to her landlord, but the landlord never received them. (*Id.*) Lyons further reported that on November 11 or 12, 2017, she had found a sticky note on her apartment door from Poe telling her he had the money orders and wanted something in exchange for their return. (*Id.* at PageID 62-63, 66.) Lyons met with Poe and gave him a small monetary reward but also called the police. (*Id.* at PageID 66.)

Two days later, Poe alleges, Investigator McCullar obtained two arrest warrants against Poe for theft of property and extortion. (*Id.* at PageID 65-66.) Lieutenant Harris

---

[1] Plaintiff identifies the Sheriff as John "Meher." However, the correct spelling of the Sheriff's last name is "Mehr." *See* www.msco-tn.org. The Clerk is directed to MODIFY the docket to reflect the correct spelling.

[2] Plaintiff spells this Defendant's last name as "Livington." However, the reports included with the amended complaint confirm the correct spelling is "Livingston," as recorded by the Clerk.

and Officer Cozart arrested Poe at his home the next day and confiscated two cell phones. (*Id.* at PageID 71-72.) On November 21, 2017, three days after Poe's arrest, McCullar allegedly served Poe with a search warrant for the content of one of the phones taken from Poe.[3] (*Id.* at PageID 72.) Poe alleges that, at a preliminary hearing on December 7, 2017, McCullar informed the Court there was no video showing Poe stealing anything from Lyons's post office box or any other post office box. (*Id.* at PageID 77.) The judge dismissed the charge for theft of property but bound over the extortion charge to the grand jury. (*Id.* at PageID 77.) Poe alleges that, after the hearing, he was taken into custody for violating his parole because of his arrest. (*Id.* at PageID 78.)

Poe was scheduled for parole hearings in March and April 2018 but alleges that the hearings were delayed because of detainers that Madison County placed on him for his arrest on the charges from November 2017. (*Id.* at PageID 78, 88.) On May 14, 2018, the grand jury returned a No Bill on the extortion charge, and all of the existing holds on Poe were removed. (*Id.* at PageID 91.) At a subsequent parole board hearing on May 23, 2018, the board recommended Poe for parole. (*Id.* at PageID 91, 95.)

Poe seeks a declaratory judgment that the Defendants violated his right to due process, falsified the police reports that led to his arrest, and maliciously prosecuted him. (ECF No. 10 at PageID 61.) He seeks compensatory and punitive damages from each Defendant. (*Id.*)

---

[3] Poe does not allege whether any law enforcement officer ever actually searched the contents of the phone.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Poe filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Poe cannot sue Defendant Lyons, a private, non-state actor, under § 1983. *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Lyons is subject to a claim under § 1983 only if her actions are "fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997). Lyons's actions in reporting a suspicious situation to

the police are not attributable to the state, and Poe does not suggest any basis for concluding otherwise.

Similarly, Poe has no claim against his public defender, Defendant King, for his actions as Poe's attorney. Though attorneys employed as public defenders are paid by the State, "public defenders do not 'act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 611 (6th Cir. 2007) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)).

To the extent Poe intends to assert any official capacity claims against the Madison County or City of Jackson Defendants, his claims are against the County and the City. A local government such as a municipality or county "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality may be held responsible for a constitutional deprivation only if there is a direct causal link between a municipal policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

"[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Poe does not allege that he suffered an injury because of an unconstitutional policy or custom of either Madison County or the City of Jackson. He instead directs his allegations against various officers and their supervisors or superiors. He therefore does not state a claim against Madison County or the City of Jackson.

Poe seeks to hold Defendants Gist, Harris, Mehr, and Wiser responsible for the actions of the involved officers because of these Defendants' positions as Mayor, Sheriff, and Chief of Police. (ECF No. 10-1 at 76-77, 95-96.) Under § 1983, however, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates but fails to act generally cannot be held liable

7

in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996).

Poe does not allege any direct action by Defendants Gist, Harris, Mehr, or Wiser. He alleges only that they are liable for the actions of the officers named in his complaint. Nor does Poe allege that these Defendants even knew of the named officers' alleged actions. Poe therefore fails to state a claim against Defendants Gist, Harris, Mehr and Wiser.

Poe's remaining allegations are that Defendants McCullar, Livingston, Harris, and Cozart falsified the police reports against him and maliciously prosecuted him for theft and extortion. The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. Amend. IV; *United States v. Torres-Ramos*, 536 F.3d 542, 554 (6th Cir. 2008). To sustain a claim of false arrest, Poe must show that the arresting officer lacked probable cause to arrest him. *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). If the Plaintiff was arrested pursuant to a warrant, as Poe was here, he must show "that in order to procure the warrant, [the officer] 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood' and 'such statements or omissions [we]re material, or necessary, to the finding of probable cause.'" *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (quoting *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000)).

A claim of malicious prosecution also arises under the Fourth Amendment but "is 'entirely distinct' from that of false arrest, as the malicious-prosecution tort 'remedies detention accompanied not by absence of legal process, but by *wrongful institution* of legal process.'" *Anderson*, 625 F.3d at 308 (quoting *Wallace v. Kato*, 549 U.S. 384, 390 (2007)). As the Sixth Circuit has described, the Fourth Amendment provides a "right to be free from malicious prosecution by a defendant who has 'made, influenced, or participated in the decision to prosecute the plaintiff' by, for example, 'knowingly or recklessly' making false statements that are material to the prosecution either in reports or in affidavits filed to secure warrants." *King v. Harwood*, 852 F.3d 568, 582-83 (6th Cir. 2017) (quoting *Webb v. United States*, 789 F.3d 647, 665 (6th Cir. 2015)). To state a claim under § 1983 for malicious prosecution, the Plaintiff must allege the following:

> (1) a criminal prosecution was initiated against the plaintiff, and the defendant made[,] influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty, as understood under Fourth Amendment jurisprudence, apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor.

*Id.* at 580 (quoting *Sanders v. Jones*, 845 F.3d 721, 728 (6th Cir. 2017)). Despite the name, a showing of malice is not required, and the claim "might more aptly be called 'unreasonable prosecutorial seizure.'" *Id.* (quoting *Sykes*, 625 F.3d at 310).

Both claims require a showing that the Defendants knowingly or recklessly made false statements that led to a finding of probable cause. Poe, however, has not shown that any officer acted knowingly or recklessly when creating the reports or affidavits in his case. Poe alleges only that certain information was not included in the affidavits for his arrest

9

and asserts that the warrants therefore lacked probable cause. (ECF No. 10-1 at PageID 65.) He does not suggest that any statement in the warrants was false.[4] That the criminal prosecution against him failed does not necessarily mean it was malicious in nature. *See Newman v. Twp. of Hamburg*, 773 F.3d 769, 773 (6th Cir. 2014) (quoting *Harris v. United States*, 422 F.3d 322, 327 (6th Cir. 2005) (internal quotation marks omitted) ("Because there is no requirement that the defendant to a malicious-prosecution charge must have evidence that will ensure a conviction, not every failed criminal prosecution will sustain a subsequent malicious-prosecution suit.")). At most, Poe's allegations suggest the arrest may have been negligent or hasty, which does not suffice to state a claim for false arrest or malicious prosecution. *See Ahlers v. Schebil*, 188 F.3d 365, 373 (6th Cir. 1999) (citing *Lippay v. Christos*, 996 F.2d 1490, 1501 (3d Cir. 1993)); *Newman*, 773 F.3d at 772 (citing *Wolf v. Winlock*, 34 F. App'x 457, 461 (6th Cir. 2002), and *Packer v. City of Toledo*, 1 F. App'x 430, 434 (6th Cir. 2001)).

For the foregoing reasons, Poe's complaint is subject to dismissal in its entirety for failure to state a claim.

---

[4] Poe asserts the warrants failed to state that "at no time did the victim relate to Officer Livingston that she felt the Plaintiff 'stole' the money orders" or state "that she felt she was being coerced to provide a 'reward' for the return of said money orders." (ECF No. 10-1 at PageID 65.) According to Poe, "Ms. Lyons only issue, based on the report filed by Officer Livingston, was that she was worried that the Plaintiff knew her address." (*Id.*) That appears to be an over-simplification of Officer Livingston's report of the incident, which does *not* state that Plaintiff's knowledge of her address was Ms. Lyons's *only* concern. Livingston clearly states in his report that Ms. Lyons told him Poe's note indicated Poe "wanted something" for the return of the money orders. (*Id.* at PageID 63.)

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to further amend is not warranted.

In conclusion, the Court DISMISSES Poe's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Poe in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams*

*v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Poe would not be taken in good faith. Accordingly, leave to proceed on appeal *in forma pauperis* is DENIED. If Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion for leave to appeal *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                s/ **James D. Todd**
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE